JOAQUÍN GALLART MENDÍA, ETC., EX REL., MERCEDES GONZÁLEZ PAGÁN, represented by her husband SÉRBULO ORTIZ LÓPEZ, Plaintiffs and Appellees, *v.* ISMAEL GONZÁLEZ MARRERO, AUTORAMA DE PONCE, INC., Defendants and Appellant the latter.

No. R-64-237.     Decided June 30, 1967.

*Carlos A. Chavier Stevenson* for appellant. *Andrés Santiago Borges, Héctor Rivera Báez,* and *Inez Acevedo de Campos* for appellees Mercedes González Pagán and her husband Sérbulo Ortiz López.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Sigfredo Ortiz González, a 28-year-old fireman, while in the exercise of his employment, was killed in an automobile accident which occurred when a Fire Service vehicle collided with defendant's automobile. The circumstances under which the accident occurred led the trial judge to the conclusion that the same was due to the negligence or lack of skill of the driver of defendant's vehicle. Said conclusion is supported by the record and we shall not alter it.

On November 1, 1962, subsequent to the corresponding investigation, the State Insurance Fund entered a decision declaring Mercedes González Pagán, the deceased's mother,

as only beneficiary of the deceased employee and granted her a compensation of $6,250, which later, by order of August 12, 1963, was increased to $9,000, to be paid at the rate of $75 monthly.

On February 19, 1963, the Manager of the State Insurance Fund filed an action in the Superior Court, San Juan Part, against defendants subrogating himself in the rights of the beneficiary and claiming the amount equivalent to the compensation which should be paid for the death of the worker plus the expenses for the medical services offered to the latter, and also claiming $50,000 for the worker's mother, the aforementioned Mercedes González Pagán. On August 12, 1963, after entering the amended order which increased to $9,000 the death compensation for beneficiary Mercedes González Pagán, on August 16 of that same year, the Fund filed an amended complaint subrogating itself in the compensation granted and presenting a claim, this time, on behalf of the conjugal partnership of which Mrs. González was a party.

On February 21, 1963, Sérbulo Ortiz, the deceased worker's father, in representation of the conjugal partnership constituted by himself and his wife, Mercedes González Pagán, and several brothers of the deceased worker, filed action No. CS-63-527 in the Superior Court, Ponce Part, claiming compensation for the death of the son and brother respectively of the plaintiffs. Subsequently, the action brought by the Manager of the Fund (Civil Case No. 63-637) was transferred from the Superior Court, San Juan Part, to the Ponce Part and consolidated with case CS-63-527 brought by Sérbulo Ortiz.

On August 13, 1963, defendant filed a motion to dismiss the original complaint of the Fund and the court postponed its decision until the case be decided on the merits.

The Superior Court sustained both complaints and ordered defendants to pay solidarily to the Fund the amounts

the latter had paid to Mercedes González Pagán, plus $420.75 for medical expenses and to pay Mercedes González Pagán the difference up to $9,000 which she had not received from the Fund. In the second case (which was brought by Sérbulo Ortiz on behalf of the conjugal partnership and the brothers of the deceased) defendants were ordered to pay solidarily $25,000 to the conjugal partnership and $1,000 to each of the three brothers of the deceased worker.

In its petition for review appellant assigns the commission of eight errors.

First error: Appellant assigns that the trial court erred in refusing to dismiss the complaint filed by the father and brothers of the deceased worker, since said complaint was filed before the term of 90 days which the law grants to the State Insurance Fund to subrogate itself in the rights of the injured worker or his beneficiaries had elapsed.[1] In support of its contention it cites our decision in *Negrón* v. *Industrial Commission*, 76 P.R.R. 282 (1954).

■ The Act in question provides, insofar as pertinent, that neither the injured workman nor his beneficiaries may institute any action they may have against the third-party tort-feasor until after the lapse of ninety days from the date on which the decision of the case by the Manager of the State Insurance Fund became final and executory. 11 L.P.R.A. § 32.

Prima facie the error assigned seems to be valid. In this case the decision of the Manager was not appealed from, so that the 90 days that the Manager had to institute the action against the third-party tort-feasor started to run after the lapse of 30 days from the date on which a copy of the decision of the Manager had been served on the worker's beneficiary, as provided by the law. 11 L.P.R.A. §§ 11 and

---

[1] The law in question is the Workmen's Accident Compensation Act, Act No. 45 of April 18, 1935, as amended, and the pertinent section herein is § 31 of said Act; 11 L.P.R.A. § 32.

32. Sérbulo Ortiz and his children's complaint against the third-party tort-feasor was filed on February 21, 1963, only 83 days after the decision of the Manager was final and executory. On the sole basis of these facts the conclusion reached would be that the complaint is premature.

However, if we examine the problem more carefully we reach the conclusion that it is not necessarily so. The Act grants the Manager 90 days to institute a proceeding when he subrogates himself in the rights of the worker. If the Manager is successful he will recover whatever sum the Fund has paid and the remainder will go to the deceased worker's beneficiary or beneficiaries. During said 90 days the beneficiaries may not sue. If the Manager should fail to institute action within said 90 days then the beneficiaries shall be free to sue on their own account. As may be seen, the mechanism protects the Fund inasmuch as it affords the latter the possibility of recovering what has been paid and at the same time it protects the injured workers or their beneficiaries because if the Manager does not sue, the former may always sue after the lapse of said 90 days.

The problem actually centers on determining who are the beneficiaries to whom the law refers. Of course, when the injured worker is the one who institutes the action there is no identification problem. But where, as in this case, the worker dies, it is necessary to determine the beneficiaries to which the law refers.

■■ Generally in a life insurance the beneficiary is designated by the insured. 26 L.P.R.A. § 1515; Vance, Insurance 656 (3d ed.). However, this is not the procedure followed by the Workmen's Accident Compensation Act. This law is of a special nature and its objective is to protect the worker and the persons who actually and effectively depend on him economically. This system is special and different from the general right of succession contained in the Civil Code. As previously stated, this is a law of dependency and

not of inheritance. *Cepeda* v. *Industrial Commission*, 76 P.R.R. 750, 754–755 (1954); *De Jesús* v. *Osorio*, 65 P.R.R. 601, 603–604 (1946); *Montaner* v. *Industrial Commission*, 58 P.R.R. 269, 274–275 (1941); *Rodríguez* v. *Industrial Commission*, 58 P.R.R. 113, 116 (1941). As it is well known, by virtue thereof, in case of the death of a worker covered by the law, the corresponding economic compensation does not automatically pass to particular persons merely because the latter are technically his heirs pursuant to the provisions of the Civil Code. On the contrary, the law itself provides how the Manager of the State Insurance Fund shall distribute said compensation. 11 L.P.R.A. § 3, subsection 5(3).

Since pursuant to the philosophy announced by said law, economic dependency is the controlling factor in the determination of whether a person is entitled to compensation as beneficiary, such a condition may hardly be attributed to anyone beforehand. It rather seems necessary to make such a determination in view of the circumstances of economic dependency existing in the worker's family at the time of his death. We use the word family, of course, in a very ample sense and consistent with the letter and spirit of the law and especially of its § 3, aforecited.[2] The law provides that it shall be the duty of the Manager of the Fund to determine who shall be the beneficiaries.

As in this case the Manager determined that the only beneficiary was the deceased worker's mother, she was the only one precluded from instituting an action against the third-party tort-feasor before the lapse of 90 days prescribed by law, which period is reserved for the Manager to file his complaint. If restrictively construed, the limitation period of 90 days does not apply either to the conjugal partnership or to the deceased worker's brothers. Said part-

---

[2] For example, pursuant to the law, a foster brother or a concubine may qualify as beneficiary if the circumstance of economic dependency required by the law concurs. 11 L.P.R.A. § 3(5)(2)(3).

nership, in the case indicated, and the brothers could sue at any time within one year after the accident.[2-a] So that, no matter how the situation is considered, the error, if committed, is harmless because the partnership timely appeared in court, either through the amended complaint of the Fund or through the independent action filed by Sérbulo Ortiz.

What we decide here is not in conflict with our decision in *Negrón* v. *Industrial Commission, supra.* There the action filed by the worker's widow was considered premature because the widow was declared a beneficiary by the Manager of the Fund, and therefore, for the reasons afore-stated, the waiting period of 90 days prescribed by law was applicable to her.

Elaborating further, note that in the afore-cited case of *Negrón* v. *Industrial Commission, supra,* although there were other plaintiffs in addition to the widow—and precisely because of that—the court was careful to state the following, at p. 286:

"According to the provisions of the transcribed Section, as amended by Act No. 16 of April 12, 1948, *appellant herein* could not bring an action against a third person responsible for the damages until after the expiration of ninety days counted from the decision of the case by the Manager of the State Insurance Fund and before the expiration of the year following such decision. The complaint filed in the Mayagüez Court was premature and ineffective at law *as respects appellant herein.* According to § 31, the compromise made June 16, 1952 was null and void *as respects appellant,* and the payment to the latter of the sum of $800 was illegal. (Italics ours.)

■ Second error: The second error alleges that the court erred in failing to dismiss the complaint filed in Civil Case 63-1599 by the Manager of State Insurance Fund be-

---

[2-a] In the presence of a situation in which some parties may institute an action immediately and others must wait until the final order of the Fund or the Industrial Commission is entered, legislative action is recommended to prevent the damages which might thereby be caused in recovering a favorable judgment.

cause he had subrogated himself only in the rights of the deceased worker's mother when he should have subrogated himself in the rights of the conjugal partnership, since Mercedes González Pagán was married and the action for the death of the son corresponded to the conjugal partnership constituted by the father and the mother of the deceased worker. It is true that according to the present state of law the action for the death of the son was that which corresponds to the community partnership,[3] but as we have seen, in filing the amended complaint the Fund subrogated itself in the rights of the community partnership and brought the action for the benefit thereof.

Third error: It is assigned that the court erred in permitting the Manager of the Fund to file an amended complaint to join the husband. In view of the conclusions we have reached in relation to the first and second errors, this error is academic and it is not necessary to discuss it.[4]

■ Fourth error: It is alleged that the court erred in failing to dismiss the complaint filed by the State Insurance Fund because the Manager failed to serve written notice on

[3] *Gallart, Mgr.* v. *Banco Popular*, 91 P.R.R. 795 (1965); *Gearheart* v. *Haskell,* 87 P.R.R. 53 (1963); *Vega* v. *Cía. Popular de Transporte;* 72 P.R.R. 491 (1951); *Echevarría* v. *Despiau,* 72 P.R.R. 442 (1951); *Muriel* v. *Suazo,* 72 P.R.R. 348 (1951); *Meléndez* v. *Iturrondo,* 71 P.R.R. 56 (1950); *Serra* v. *Transportation Authority,* 68 P.R.R. 581 (1948); *Serrano* v. *González,* 68 P.R.R. 579 (1948); *Torres* v. *Fernández,* 56 P.R.R. 459 (1940); *González* v. *White Star Bus Line,* 53 P.R.R. 328 (1938); *Parrilla* v. *Loíza Sugar Co.,* 52 P.R.R. 232 (1937); *Flit* v. *White Star Bus Line, Inc.,* 49 P.R.R. 139 (1935); *Clos* v. *García,* 43 D.P.R. 1042 (1932); *Arabía* v. *Lago,* 41 P.R.R. 584 (1930); *Irizarry* v. *Díaz Ojea,* 35 P.R.R. 132 (1926); *Vázquez* v. *Puerto Rico Ry., Lt. & P. Co.,* 35 P.R.R. 59 (1926); *Vázquez* v. *Valdés,* 28 P.R.R. 431 (1920).

[4] We are not going to elaborate in this case on the community or separate nature of compensation for damages because this Court will soon have the opportunity to re-examine this matter. Since this case involves the compensation to be paid for the death of a son whose parents were alive on the date of his death and who had constituted between themselves a conjugal partnership, we see no reason to doubt the community nature of said compensation.

the beneficiary that he had instituted an action subrogating himself in her rights, within five days after the action was instituted. That omission on the part of the Manager does not have the effect which defendants seek to attribute to it. The law imposes said duty on the Manager, 11 L.P.R.A. § 32, but it does not explain the reason why. Obviously, it is to inform the beneficiaries that the Manager has filed the complaint. There is no juridical or moral reason why said omission should defeat the rights of the beneficiaries or of the Fund. The error assigned was not committed.

Fifth, sixth, and seventh errors: These assignments consist in challenging the weighing of the evidence made by the trial court, and as we pointed out before, its conclusions are amply supported by the record, and we shall not alter them. Said errors were not committed.

Eighth error: It is alleged that the award of $1,500 for attorneys fees is excessive. We believe that this error was not committed either.

For the reasons stated in this opinion the judgment rendered in this case by the Superior Court, Ponce Part, will be affirmed.